UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Hutchinson Technology Incorporated, a Minnesota corporation,

Plaintiff,

v.

Magnecomp Group, an unincorporated association, Magnecomp International Limited, a Singapore corporation; Indest Corporation, a California corporation; Magnecomp Corporation, a California corporation; Magnecomp (Thailand) Limited, a Thailand corporation; Magnecomp Holdings Far East Limited, a British Virgin Islands corporation, Magnecomp Technology Limited, a Hong Kong corporation; and Fuchimag Technology Limited, a Hong Kong corporation,

Defendants.

Civil No. 00-2156 (MJD/SRN)

NOTICE OF
PRETRIAL CONFERENCE

---

Magnecomp Corporation, a California corporation,

Plaintiff,

v.

Hutchinson Technology Incorporated, a Minnesota corporation; and Kenneth Johnston, an individual doing business as Computer Connection,

Defendants.

Civil No. 01-01 (MJD/SRN)

Filed FEB 05 2001
Francis E. Dosal, Clerk
Judgment Entered ______
Deputy Clerk's Initials ______

TO: Randall E. Kahnke, Esq. Kenneth A. Liebman, Esq., David J. F. Gross, Esq., John E. Connelly, Esq., Kerry L. Bundy, Esq., Jason K. Walbourn, Esq., and Brian W. Hayes, Esq., Faegre & Benson, 2200 Norwest Center, 90 South 7th Street, Minneapolis, MN 55402-3901, attorneys for Hutchinson Technology Incorporated;

Jay W. Schlosser, Esq., and Jeffrey J. Keyes, Esq., Briggs & Morgan, 2400 IDS Center, 80 South 8th Street, Minneapolis, MN 55402; William C. Rooklidge, Esq., Gregory S. Cordrey, Esq., Frank Cote, Esq., Russell B. Hill, Esq. and Karen A. Gibbs, Esq., Howrey Simon, Arnold & White, 2020 Main Street, Suite 1000, Irvine, CA 92614; and Robert P. Taylor, Esq., Howrey, Simon, Arnold & White, 301 Ravenswood Avenue, Menlo Park, CA 94025 , attorneys for Magnecomp Group, et al.

Kenneth Johnson, an individual d/b/a Computer Connection.

---

If counsel for all parties are not listed above, it is the responsibility of Plaintiffs' counsel to (1) immediately notify those parties and counsel of this conference, and (2) inform those parties and counsel of the requirements set forth in this notice.

## I. DATE, TIME, PLACE AND PARTICIPANTS

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and Local Rule 16 of the Rules of this District as amended effective November 1, 1996, a pretrial conference of trial counsel in the above matter will be held in Chambers at 242 U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota, on **March 6, 2001, at 9:30 a.m.** before United States Magistrate Judge Susan Richard Nelson to consider the matters set forth in Rule 16(c), the Rule 26(f) disclosures, and related matters.

## II. MEETING, REPORTS AND DISCLOSURES REQUIRED

A. Pursuant to Federal Rule of Civil Procedure 26(f), trial counsel for each party shall meet in person on or before **February 20, 2001,** to discuss settlement, and to prepare

the report required by Rule 26(f) and Local Rule 16.2, as amended effective November 1, 1996.

B. If the case does not settle, no later than **March 2, 2001**, counsel shall jointly prepare and file with the Clerk of Court a complete written report of the Rule 26(f meeting. **A copy of the report shall also be delivered to chambers of this Court, 24? Federal Building, 316 North Robert Street, St. Paul, Minnesota, on or before March 2, 2001**. The report shall include:

1. **Date and Place of the Meeting; Identification of the Parties and Their Attorneys; Agenda of Matters for Pretrial Conference.**

   a. The date and place at which the meeting was held;

   b. Name, address and occupation or business of each party, together with the name, address and telephone number of the attorneys who represented each party at the meeting;

   c. Name of insurance carriers that may be liable for the defense or payment of any damage award; and

   d. An agenda of matters to be discussed at the Pretrial Conference.

2. **Description of the case**

   a. A concise statement of the jurisdictional basis of the case, giving statutory citation and a brief narrative description;

   b. A brief narrative of the facts giving rise to the lawsuit, including a description of legal claims and defenses; and

   c. A summary itemization of the dollar amount of each element of the alleged damages.

3. **Pleadings**

   a. A statement of whether the Complaint and all responsive pleadings have been filed, and whether any party proposes to amend its pleadings;

b. The date by which all motions that seek to amend the pleadings or add parties will be filed; and

c. Whether a jury trial is available under the law, and whether a jury trial has been timely demanded.

4. **Discovery Plan** (If parties are unable to agree on a discovery plan, the report shall separately set forth each party's proposed plan.) Such a plan shall include such matters as focusing the initial discovery on preliminary issues that might be case dispositive, instituting document control mechanisms, stipulating to facts to eliminate unnecessary discovery and any other matters counsel may agree upon to control litigation costs and delay.

a. Date by which the initial Rule 26(a)(1) disclosures of witnesses, documents, itemized damage computations and insurance will be completed (if not already completed);

b. Whether the parties wish to engage in any method of alternative dispute resolution following Rule 26(a)(1) disclosures but before formal discovery is commenced;

c. Whether discovery should be conducted in phases, or limited to or focused upon, particular issues;

d. The date by which each party shall disclose the identity of expert witnesses and their reports under Rule 26(a)(2)(A) and (B);

e. The number of interrogatories each party shall be permitted to serve;

f. The number of depositions (excluding depositions of expert witnesses) each party shall be permitted to take; and

g. The number of expert depositions each party shall be permitted to take.

5. **Case Management Order**

The parties shall meet and confer and prepare a draft Case Management Order which contains provisions regarding all aspects of discovery. The order should address the timing of contention interrogatories, details of document production, the timing of the exchange of privilege logs, the timing for the production of documents, an order for the preservation of documents, the permissible scope of deposition objections, the location of depositions, the need for a protective order, monthly status conferences and the timing of submissions relating to those conferences, the extent of third-party discovery, and the like.

6. **Close of Discovery and Non-Dispositive Motions**

The date by which all discovery shall be completed and the date by which all non-dispositive motions shall be filed and served.

7. **Dispositive Motions and Trial**

a. Date by which all dispositive motions shall be served, filed and heard by the Court;

b. Date by which case will be ready for trial;

c. The number of expert witnesses each party expects to call at trial; and

d. Estimated trial time (including jury selection and instructions, if applicable).

C. Unless otherwise agreed by counsel, the initial disclosures under Rule 26(a)(1) shall also be exchanged no later than **March 2, 2001.**

D. **Each party shall also submit a Letter/Memorandum concerning settlement, which shall remain confidential between the Court and that party. The confidential letter shall be delivered to Magistrate Nelson's chambers at least three days prior to the pretrial conference.**

## III. EXERCISE OF JURISDICTION BY U.S. MAGISTRATE JUDGE PURSUANT TO TITLE 28, UNITED STATES CODE, SECTION 636(c)

If the parties consent to have this matter tried before the Magistrate Judge, all counsel are requested to sign the enclosed form by **March 6, 2001.** Send the form directly to:

Angela Chianelli
Calendar Clerk to Judge Michael J. Davis
14E U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

Dated: February 5, 2001.

SUSAN RICHARD NELSON
United States Magistrate Judge

AO 85 (Rev. 8/98) Notice, Consent, and Order of Reference – Exercise of Jurisdiction by a United States Magistrate Judge

# UNITED STATES DISTRICT COURT

District of

Plaintiff

V.

Defendant

NOTICE, CONSENT, AND ORDER OF REFERENCE – EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

Case Number:

## NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION

In accordance with the provisions of 28 U.S.C.§636(c), and Fed.R.Civ.P. 73, you are notified that a United States magistrate judge of this district court is available to conduct any or all proceedings in this case including a jury or nonjury trial, and to order the entry of a final judgment. Exercise of this jurisdiction by a magistrate judge is, however, permitted only if all parties voluntarily consent.

You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge. If any party withholds consent, the identity of the parties consenting or withholding consent will not be communicated to any magistrate judge or to the district judge to whom the case has been assigned.

An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court.

## CONSENT TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

In accordance with the provisions of 28 U.S.C.§636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case, including the trial, order the entry of a final judgment, and conduct all post-judgment proceedings.

| Party Represented | Signatures | Date |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

## ORDER OF REFERENCE

IT IS ORDERED that this case be referred to ______________________________, United States Magistrate Judge, to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. §636(c) and Fed.R.Civ.P. 73.

______________ ______________________________

Date United States District Judge

NOTE: RETURN THIS FORM TO THE CLERK OF THE COURT ONLY IF ALL PARTIES HAVE CONSENTED ON THIS FORM TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE.