**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**Hutchinson Technology Incorporated, a Minnesota corporation,**

**Plaintiff,**

**vs.**

**Magnecomp Group, an unincorporated association; Magnecomp International Limited, a Singapore corporation; Indest Corporation, a California corporation; Magnecomp Corporation, a California corporation; Magnecomp (Thailand) Limited, a Thailand corporation; Magnecomp Holdings Far East Limited, a British Virgin Islands corporation; Magnecomp Technology Limited, a Hong Kong corporation; and Fuchimag Technology Limited, a Hong Kong corporation,**

**Defendants.**

**Civil No. 00CV-2156 (MJD/SRN)**

---

**Magnecomp Corporation, a California corporation,**

**Plaintiff,**

**vs.**

**Hutchinson Technology Incorporated, a Minnesota corporation;**

**Defendant.**

**Civil No. 01-CV-01 (MJD/SRN)**

---

**ORDER REGARDING PRODUCTION OF THIRD-PARTY CONFIDENTIAL INFORMATION**

FILED MAR 27 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

Based on the files, records, and proceedings in this action, the Court makes the following order:

IT IS HEREBY ORDERED that:

1. To the extent responsive to discovery requests and otherwise non-privileged, the parties shall, within ten (10) calendar days of the date of this order, begin the production of third-party confidential information in their possession, with the understanding that all said information will be categorized as "Confidential" under the existing Protective Order executed by the Court on February 6, 2001, a copy of which is attached hereto. This order applies to third-party confidential information in whatever format it exists, including both the production of documents and the production of product samples scheduled for April 2, 2001.

2. Third-parties contesting the production of their confidential information on this basis will have a period of ten (10) calendar days from the date of this order to file an objection.

By the Court:

Dated: March 26, 2001

Susan Richard Nelson
Susan Richard Nelson
United States Magistrate Judge

M2:20376795.01

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Hutchinson Technology Incorporated, a Minnesota corporation,<br><br>Plaintiff,<br><br>v.<br><br>Magnecomp Group et al.<br><br>Defendants<br><br>Magnecomp Corporation, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>Hutchinson Technology Incorporated, a Minnesota corporation; and Kenneth Johnston, an individual doing business as Computer Connection,<br><br>Defendants. | Civil No. 00CV-2156 MJD/SRN<br>Civil No. 01-CV-1 MJD/SRN<br><br>STIPULATED PROTECTIVE ORDER |

FILED FEB 07 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD____
DEPUTY CLERK____

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and u on agreement of the parties through their respective counsel, the Court HEREBY ORDERS th t:

1. (a) All Confidential Information (as defined in Paragr ph 2 hereof) produced or exchanged in the course of this litigation shall be used solely for the purpose of this litigation; provided, however, that this restriction shall not operate to preclu e counsel, party representatives or others who have access to such Confidential Informatior pursuant to this Protective Order from participating in other proceedings or matters. Nothin ; contained herein shall limit or prevent disclosure or use of any item of Confidential Inform ation by the party who designated the item CONFIDENTIAL. Confidential Information ma not be used for any other purpose, except as expressly provided herein or by further order of this Court.

(b) In the event that counsel for a party deems it nece sary to disclose Confidential Information in another contested proceeding among any o the parties to this case, such counsel shall notify counsel for the producing party in writing of (i) the information or documents to be disclosed, and (ii) the forum in which it seeks to disclose it. The producing party shall have five (5) business days from receipt of such notic in which to advise the party seeking to disclose such information whether it objects to such lisclosure. If agreement cannot be reached, the party seeking to disclose such information ma move this Court for a ruling as to whether such disclosure may be made and whether any estrictions or limitations should be placed on such disclosure. An expedited briefing schedul shall apply to such a motion. The Motion shall be filed within ten (10) business days of same day service of disclosing party's notice of intent to disclose and the opposition brief, if any, sh ll be filed within five (5) business days of same day service of the motion seeking authori ation to disclose the information.

2. (a) Any information recorded in any form or any por ion thereof, including any form of evidence or discovery contemplated under Rules 26 thro gh 36 of the Federal Rules of Civil Procedure, which, in the good faith opinion of the party roviding such information or discovery or to which that information belongs (the "producing arty"), and

which contains any trade secret or other confidential research, development, busi ıess or commercial information may be designated by the producing party as Confidenti ıl Information in accordance with sub-paragraphs (b)-(c) hereof:

(b) Information designated "CONFIDENTIAL" may t e disclosed to all "Qualified Persons" as defined in Paragraph 5 herein, provided that persons i‹ entified in Paragraphs 5(b) sign the Non-Disclosure Agreement attached hereto as Exhibit " A," and to no other person; and

(c) It is contemplated by the parties that, subject to the parties' rights pursuant to Paragraph 10 herein, information designated CONFIDENTIAL hereı nder shall include all information, documents, deposition testimony, the testimony and rep‹ rts of retained experts, and any other materials produced or otherwise conveyed during this litiᵹ ation and so designated in good faith by the producing party that includes a producing party's confidential technical, business, commercial, or other information.

3. Confidential Information may be made available subject :o this Protective Order as follows:

(a) Any document or tangible thing comprising or con aining Confidential Information may be designated as such by the producing party by n arking upon each page of the document or by affixing to each thing a notice in the following : orm or to similar effect:

"CONFIDENTIAL- Civil No. 00CV-2156 MJD/SRN and/or Civil No. 01-CV-1 MJD/SRN"
In the case of non-parties that produce documents in this litigation, such docume ıts or tangible things shall also include the designation "(Produced by [insert name])."

(b) At the option of the producing party, documents m ıy be produced for inspection prior to supplying copies, in which case inspection of th‹ producing party's documents and things shall be only by outside counsel for the receiving p arty, together with paralegals and support staff or any Qualified Persons under paragraph 5(b).

(c) In lieu of marking as CONFIDENTIAL the origina l of a

document which contains Confidential Information prior to inspection, counsel for the producing party may orally designate such documents being produced for inspection as containing Confidential Information, thereby making them subject to this Order; however, in the event inspecting counsel requests copies of any such documents, such copies must be marked CONFIDENTIAL by the producing party in order to make such copies subject to this order.

(d) (i) Testimony or information disclosed at a deposition may be designated by the producing party as Confidential Information by indicating on the record at the deposition the specific testimony which contains Confidential Information that is to be made subject to the provisions of this Order. Alternatively, a producing party may designate testimony or information disclosed at a deposition as Confidential Information by notifying all parties, in writing, within ten (10) days of receipt of the transcript of the deposition, of the specific pages and lines of the transcript which contain Confidential Information and such portions will be separately bound. Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody or control. Whether or not designation is made at the time of a deposition, all depositions shall be treated as CONFIDENTIAL from the taking of the deposition until ten (10) days after receipt of the transcript.

(ii) Notwithstanding the foregoing, if any employee, agent, consultant, advisor, representative or any other person affiliated with a party to this Stipulation who is not qualified to receive Confidential Information under Paragraphs 5 and 6 herein attends a deposition at which such Confidential Information may be disclosed, then in such event the producing party must designate the specific testimony or information containing Confidential Information by indicating on the record at the deposition that such Confidential Information is subject to the provisions of this Order. The producing party shall have the right to exclude such persons from the deposition during the period any Confidential Information is disclosed or discussed.

(e) In the case of responses to interrogatories, requests for admission or other discovery responses, affidavits, declarations, briefs, memoranda, exhibits or other papers filed with this Court, information contained therein may be designated as Confidential Information by prominently marking such document CONFIDENTIAL in the manner specified in Paragraph 3(a). Regarding materials to be filed with the Court, the parties shall comply with the provisions of Paragraph 12 below.

(f) This Order does not require production of (i) attorney work product material and (ii) materials or information covered by the attorney-client privilege. Such materials may continue to be withheld from discovery by any party, unless the Court orders otherwise.

(g) This Protective Order shall not be construed to apply to:

(i) any information which at the time of disclosure is available to the public;

(ii) any information which, after disclosure by the producing party, becomes available to the public other than by an act, or failure to act, of the receiving party, its counsel, or outside independent consultant to whom the information was disclosed; and

(iii) any information which the receiving party, its counsel or outside independent consultant can show (1) as a matter of written record was already known to the receiving party, (2) as a matter of written record was independently developed by the receiving party, (3) was obtained from the producing party without having been identified as CONFIDENTIAL as provided in paragraphs 2-3 hereof, or (4) was received after the time of disclosure hereunder from a third party having the right to make the disclosure and who is not required to hold such information in confidence.

4. Documents and things designated as Confidential Information, copies thereof, the information contained therein, and any analysis or report pertaining thereto shall only be disclosed to or made available to "Qualified Persons."

5. "Qualified Persons" as used herein means:

(a) Outside counsel for a party and the staff and supporting personnel of outside counsel who are working directly on this litigation under the supervision of such outside counsel and to whom it is necessary that Confidential Information be disclosed for purposes of this litigation;

(b) Subject to the provisions of Paragraph 6 herein, persons retained by a party or its attorneys of record in this litigation for the purposes of assisting in the preparation of this litigation for trial, such as economic or scientific experts or technical advisors and independent accountants together with their assistants, stenographic or clerical personnel, and who are not otherwise employees of a party or of a party's parent company;

(c) This Court and Court Personnel;

(d) Stenographic reporters retained to record and transcribe testimony in this action;

(e) Any other person who is designated as a Qualified Person by order of this Court, after notice to all parties; or

(f) Any witness whose deposition or trial testimony is taken in this proceeding may be shown and questioned concerning any document of which such witness is the author or shown as a recipient of or named in or which the witness previously had knowledge.

6. Should a receiving party find it necessary to disclose a producing party's Confidential Information to any person described in Paragraph 5(b) hereof, the receiving party shall, at least seven (7) calendar days before disclosing any Confidential Information to any such person:

(a) Serve a notice on the producing party, identifying the intended recipient of the Confidential Information, his or her residential and business addresses, his or her present employer and position, and enclosing a copy of his or her curriculum vitae;

(b) Designate in such notice the specific Confidential Information

proposed to be disclosed. In the absence of such specific designation, the notice will be construed as referring to all of the Confidential Information of the producing par y subject to this Order; in the event a specific designation is made, only so much of the prodi cing party's Confidential Information as is specifically designated shall be disclosed to the in ended recipient, unless and until such time as a further notice is given to the producing party in the manner set forth in this paragraph, specifying any additional Confidential Inforn ation to be disclosed; and

(c) Include with such notice, a document signed by th person to whom disclosure is to be made, in the form of Exhibit "A" hereto and including ıll the information to be completed therein.

(d) There shall be no disclosure of Confidential Inforr iation to the intended recipient, except: (i) by agreement between outside counsel; or (ii) unti after seven (7) calendar days from service of the notice unless the producing parties objects o the proposed disclosure within the seven (7) day period. If the producing party obje :ts to the proposed disclosure, or to any portion thereof, then it shall make an objection wi hin seven (7) calendar days of service of the notice and shall confer with the proponent of the proposed disclosure in a good faith effort to resolve the issue. If the parties cannot resolve the issue, the producing party shall serve a Motion for a further Protective Order within fifteer (15) calendar days from service of the notice. If the producing party fails to file a motion with the court seeking to prevent such disclosure within the time allowed, the Confidential Infc rmation can be disclosed to the intended recipient. If a Motion for a further Protective Order is served, the disclosure of that portion of Confidential Information that is the subject of the Motion shall not be made except upon further Order of this Court. The burden shall be on the prc ducing party to show the Court why the disclosures should not be made.

7. Nothing herein shall prevent disclosure beyond the term of this Order if the party designating the information as Confidential Information consents in vriting to such disclosure, or if the Court, after notice to all affected parties, orders such disclos ire. If a

recipient of Confidential Information is requested to produce such information by subpoena, the receiving party shall immediately notify counsel for the producing party by facsimile of such subpoena, and the receiving party shall not disclose any such Confidential Information to a third party without providing the producing party a reasonable period of time of no less than five (5) business days to object to such disclosure. In any event, if any such Confidential Information is disclosed to a third party it can only be disclosed under the terms of a protective order containing substantially similar protections as this Protective Order.

8. In the event that counsel for a party deems it necessary to disclose any information of a producing party designated Confidential Information to any person not a Qualified Person, said counsel shall notify counsel for the producing party in writing of (i) the information or documents to be disclosed, and (ii) the information specified in Paragraph 6(a) hereof, and shall attempt to reach agreement regarding such disclosure. If agreement cannot be reached, the party seeking to make the disclosure shall move the Court to rule as to whether such disclosure may be made and whether any restrictions or limitations should be placed on such disclosure, and the disclosure shall not be made until that motion is decided and the Court so orders. Prior to being provided access to any Confidential Information, all non-party witnesses must execute the Non-Disclosure Agreement attached hereto as Exhibit "A" or orally agree to its contents on the record during deposition or trial.

9. The inadvertent or unintentional disclosure by the producing party of Confidential Information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto on the same or related subject matter. Upon discovery of inadvertent or unintentional disclosure by the producing party, counsel for the parties shall cooperate to restore the confidentiality of the inadvertently disclosed information.

10. A party shall not be obligated to challenge the propriety of a Confidential Information designation at the time made, and a failure to do so shall not preclude

any subsequent challenge. In the event that any party to this litigation disagrees at any point in these proceedings with the designation by the producing party of any information as Confidential Information, the parties shall try first to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may seek appropriate relief from this Court. The producing party shall bear the burden of establishing the propriety of any challenged designation.

11. The parties may provide by stipulation for exceptions to this Order, and any party may seek an Order of this Court modifying this Protective Order. This Order is without prejudice to the right of either party to seek relief from the Court, upon good cause shown, from any of the restrictions provided herein or to impose additional restrictions on the disclosure of any information or material produced.

12. The Clerk of the Court is directed to maintain under seal all information, including but not limited to, transcripts, exhibits, documents, objects, materials and papers filed with the Court in this litigation which have been designated, in whole or in part, as Confidential Information by a party to this action. To assist the Clerk, any document or object which a party wishes to have placed under seal pursuant to this Order shall be filed in the Clerk's Office in a sealed envelope or other appropriate sealed container on which shall be endorsed the title and docket number of this action, an identification of the nature of the contents of the sealed envelope or container (including the complete title of any motion or memorandum contained within the sealed envelope or container), the words "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER" and a statement substantially in the following form:

> THIS ENVELOPE CONTAINING DOCUMENTS WHICH ARE FILED IN THIS CASE BY [NAME OF PARTY] IS NOT TO BE OPENED NOR THE CONTENTS THEREOF TO BE DISPLAYED, COPIED OR REVEALED EXCEPT BY COURT ORDER OR BY AGREEMENT OF THE PARTIES.

13. In the event that a party wishes to use any Confidential Information in any affidavit, declaration, exhibit, memoranda of law, or other paper filed in Court in this

Litigation, such Confidential Information used therein shall be filed under seal and maintained under seal by the Court, except however, that the provisions of Paragraph 14 herein will control in the case of trial.

14. Nothing in this Stipulated Protective Order shall prevent a party from using any document or information which has been designated CONFIDENTIAL at a trial or hearing. However, the manner in which Confidential Information is to be disclosed at a trial or hearing will be determined by the Court or by agreement of the parties. The party seeking to use Confidential Information under this Paragraph shall first notify the producing party of its intentions at least five (5) business days before such trial or hearing. The producing party may then object to the proposed disclosure within five (5) business days of service of the notice and shall confer with the proponent of the proposed disclosure in a good faith effort to resolve the issue. If agreement cannot be reached, the party seeking to make the disclosure may move this Court to rule as to whether such disclosure may be made and whether any restrictions or limitations should be placed on such disclosure, and it shall not make the disclosure unless that motion is granted. The burden shall be on the moving party to show why the disclosures should not be precluded.

15. Within sixty (60) days after the conclusion of contested proceedings between any of the parties by mandate following an appeal, judgment if no appeal is taken, settlement, or otherwise, all Confidential Information including originals and reproductions of any documents and things, or portions thereof, produced by a party shall either be returned to that party or, if specifically authorized by the producing party, destroyed by the receiving party and a certification in writing sent to the producing party stating that such CONFIDENTIAL documents have been destroyed; provide, however, that counsel to each party may each retain one complete set of correspondence, pleadings and all exhibits thereto, including motions, discovery documents, and deposition transcripts, in the action. Insofar as the provisions of any Protective Order entered in this action restrict the communication and use of Confidential Information produced hereunder, such Order shall continue to be binding after the conclusion

of this litigation, except that a party may seek the written permission of the prod icing party or further order of the Court with respect to dissolution or modification of such Pro ective Order.

16. Upon the conclusion of this litigation and either (i) the e piration of the time to file a notice of appeal, if no appeal is filed, or (ii) if an appeal was fil d, the filing of the mandate or final order from the Court of Appeals if the case is not reopened is a result of the terms of the mandate or order, all Confidential Information filed under seal v ith the Court shall be returned to the party that filed it, provided that if the person to whom it is to be returned fails to remove the Confidential Information after notice, it shall be des royed to the extent allowed under the Local Civil Rules of this Court; provided, however, tha counsel to each party may each retain one complete set of correspondence, pleadings and a ly exhibits thereto, including motions, discovery, documents, and deposition transcripts in t e action.

17. Nothing in this order shall bar or otherwise restrict any a ttorney herein from rendering advice to his or her client with respect to this litigation and in th course thereof, referring to or relying upon his or her examination of Confidential Infor nation; provided, however, that in rendering such advice and in otherwise communicati g with his or her clients, the attorney shall not disclose the content or the source of any Confi ential Information.

18. A copy of this Protective Order shall be furnished to eac 1 non-party required to produce documents in this litigation. Such non-parties may produce documents designated as Confidential Information in the manner set forth in Paragraph 3(a) and, all such information shall be treated in accordance with the terms of this Protective Orde . A non-party's confidentiality designations shall be subject to review as provided in Par graph 10 hereof.

19. The parties shall maintain copies of all signed Non-Disc osure Agreements in the form attached as Exhibit "A." These copies may be inspecte by an opposing party upon reasonable notice and for good cause, during this litigation, and shall be turned over to the opposing party within sixty (60) days of the end of the contest d

proceedings.

20. Discovery in this proceeding of a non-party may involve receipt of information, documents, things or testimony which include or contain Confidential Information of a party. All discovery of non-parties, therefore, shall be treated by the parties as if it had been designated CONFIDENTIAL for a period of twenty (20) days from the production of such information, documents or things or the transcript of such testimony. During such twenty (20) day period, or longer time period to which the parties may agree, each party may designate some or all of the information, documents, things or testimony provided by the non-party as CONFIDENTIAL of the designating party.

21. Each person to whom disclosure of any Confidential Information is made agrees to subject himself/herself to the jurisdiction of this Court in which this action is pending for the purpose of proceedings relating to the performance under, compliance with, or violation of this Protective Order.

22. Nothing herein shall be construed as an agreement or admission that: (i) any information, document or the like designated as Confidential Information by an opposing party is, in fact, confidential or a trade secret; or (ii) the document, information, or the like is competent, relevant or material. Furthermore, neither the entry of this Order nor the designation of any information, document or the like as Confidential Information (or the failure to make such designation) shall constitute evidence with respect to any issue in this litigation.

Dated: February 6, 2001

SO ORDERED:

Susan Richard Nelson
US Magistrate Judge

HOWREY SIMON ARNOLD & WHITE

We request and consent to the entry of the foregoing Order:

For Plaintiff Magnecomp Corporation and Defendants Magnecomp Group et al.

Dated: January 31, 2001

HOWREY SIMON ARNOLD & WHITE, LLP

Russell Hill

William C. Rooklidge (Cal. Bar No. 134483)
Karen A. Gibbs (Cal. Bar No. 178690)
Russell B. Hill (Cal. Bar No. 190070)
Gregory S. Cordrey (Cal. Bar No. 190144)
Frank P. Cote (Cal. Bar No. 204529)
2020 Main Street, Suite 1000
Irvine, California 92614
Telephone: (949) 721-6900
Fax: (949) 721-6910

For Plaintiff and Defendant Hutchinson Technology Incorporated et al.:

Dated: February 4, 2001

FAEGRE & BENSON LLP

Kenneth A. Liebman (#235731)
David J.F. Gross (#208772)
Randall Kahnke (#202745)
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
Telephone: (612) 336-3000
Fax: (612) 336-3026

#1718830 v1 - STIPULATED PROTECTIVE ORDER

EXHIBIT A

NON-DISCLOSURE AGREEMENT

I, ______________________________, do solemnly swear that I am fully familiar with the terms of the stipulated Protective Order ("Protective Order") entered in Hutchinson Technology Incorporated v. Magnecomp Group, et al., United States District Court for the District of Minnesota, Civil Action No. Civil No. 00-CV-2156 MJD/SRN and Magnecomp Corporation v. Hutchinson Technology Inc., United States District Court for the District of Minnesota, Civil Action No. Civil No. 01-CV-1 MJD/SRN, and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court. I acknowledge that I am about to receive Confidential Information in said action designated "CONFIDENTIAL," and certify my understanding that such Confidential Information is being provided to me pursuant to the terms and restrictions of the Protective Order and that such information can be used by me only for purposes permitted by the terms and conditions of the Protective Order. I understand that such information and any copies I make of any documentary material containing Confidential Information or any notes or other records that may be made regarding any such information shall not be disclosed to others, except other qualified persons as defined in the Protective Order. Upon request by counsel for the party by whom I have been retained in this action after conclusion of this litigation by mandate following an appeal, judgment if no appeal is taken, settlement or otherwise, I will: (1) return all Confidential Information that comes into my possession, and all documents and things that I have prepared relating thereto, to counsel for the party by whom I have been retained or from whom I received such

material; or, if specifically authorized to do so by counsel for the party by whom I have been retained, (2) certify destruction thereof. I hereby submit to the jurisdiction of sa d Court for purposes of enforcing the Protective Order.

Signed: ______________________________

Dated: ______________________________

Current Address: ______________________________

______________________________

Employer: ______________________________

Occupation: ______________________________

#1718520 v1 - EXH. A TO STIPULATED PROTECTIVE ORDER

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

**Clerks Notice In Re: Protective Order**

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.