**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Hutchinson Technology Incorporated,
a Minnesota corporation,

Plaintiff,

v.

Magnecomp Group, an unincorporated association, Magnecomp International Limited, a Singapore corporation; Indest Corporation, a California corporation; Magnecomp Corporation, a California corporation; Magnecomp (Thailand) Limited, a Thailand corporation; Magnecomp Holdings Far East Limited, a British Virgin Islands corporation, Magnecomp Technology Limited, a Hong Kong corporation; and Fuchimag Technology Limited, a Hong Kong corporation,

Defendants.

Civil No. 00-2156 (MJD/SRN)

**ORDER**

---

Magnecomp Corporation, a California corporation,

Plaintiff,

v.

Hutchinson Technology Incorporated, a Minnesota corporation; and Kenneth Johnston, an individual doing business as Computer Connection,

Defendants.

Civil No. 01-01 (MJD/SRN)

---

FILED APR 11 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

---

Jay W. Scholosser, Esq. and Karen A. Gibbs, Esq. on behalf of Magnecomp Corporation.

Kerry Bundy, Esq. and Brian W. Hayes, Esq. on behalf of Hutchinson Technology, Incorporated.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter was heard by the undersigned United States Magistrate Judge on April 9, 2001. The parties appeared via telephone to discuss third party objections to Hutchinson's production of third party information to Magnecomp.[1] The third parties are generally concerned with the disclosure of their highly confidential information and are particularly concerned with the dissemination of their confidential information, to other non-party individuals, without an opportunity to be notified or to object.

"There is no absolute privilege for trade secrets and similar confidential information." Federal Open Market Committee of Federal Reserve System v. Merrill, 443 U.S. 340, 362, 99 S.Ct. 2800, 2813, 61 L.Ed.2d 587 (1979). However, Federal Rule of Civil Procedure 26(c)(7) contemplates that, in certain cases, discovery of trade secrets may be limited or prohibited. Rule 26 provides, in part, that when good cause is shown, "the court . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following . . . (7) that a trade secret or other confidential research, development, or commercial information not be revealed or be

---

[1]The following third parties objected to Hutchinson's production of documents: Active Control Experts, Inc.; Cameron & Barkley, Co.; Halo Data Devices, Inc.; Intri-Plex Technologies; Maxtor, Corp.; Mitsui Chemicals, Inc.; OLEC, Corp.; and Philips Components.

revealed only in a designated way." Fed. R. Civ. P. 26(c)(7).

The February 6, 2001, Protective Order, details the parties' obligations concerning confidential disclosures and specifically requires that the parties file all confidential documents under seal (¶ 12), and file all documents referencing confidential information under seal (¶ 13). (Protective Order, Doc. No. 23.) At the telephone conference, the parties agreed to designate as "CONFIDENTIAL," all third party information produced by the parties. In addition, both Hutchinson and Magnecomp believe that the language of the Protective Order adequately protects third party interests, and both parties agree to strictly comply with the terms of the Protective Order in the production of all documents.

The Court finds that the February 6, 2001, Protective Order adequately meets the needs of Hutchinson, Magnccomp, and thc third parties.

**THEREFORE, IT IS HEREBY ORDERED** that:

All third party objections to Hutchinson's production of third party documents are **DENIED**.

Dated: April 10, 2001.

SUSAN RICHARD NELSON
United States Magistrate Judge