**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**Hutchinson Technology Incorporated, a Minnesota corporation,**

**Plaintiff,**

**vs.**

**Magnecomp Group, an unincorporated association; Magnecomp International Limited, a Singapore corporation; Indest Corporation, a California corporation; Magnecomp Corporation, a California corporation; Magnecomp (Thailand) Limited, a Thailand corporation; Magnecomp Holdings Far East Limited, a British Virgin Islands corporation; Magnecomp Technology Limited, a Hong Kong corporation; and Fuchimag Technology Limited, a Hong Kong corporation,**

**Defendants.**

**Civil No. 00CV-2156 (MJD/SRN)**

**STIPULATION AND ORDER REGARDING PERSONAL JURISDICTION**

**Magnecomp Corporation, a California corporation,**

**Plaintiff,**

**vs.**

**Hutchinson Technology Incorporated, a Minnesota corporation;**

**Defendant.**

**Civil No. 01-CV-01 (MJD/SRN)**

The parties hereto, through their undersigned counsel, hereby stipulate as follows:

1. Magnecomp International Limited, Magnecomp (Thailand) Limited, and Fuchimag Technology Limited consent to personal jurisdiction in the action HTI v.

FILED MAY 10 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Magnecomp Group, et al. (Civ. Action No. 00-CV-2156) and withdraw their motion to dismiss for lack of personal jurisdiction in that action. Magnecomp Corporation, Magnecomp Technology Limited, Magnecomp International Limited, Magnecomp (Thailand) Limited, and Fuchimag Technology Limited are hereinafter referred to as "the Remaining Defendants."

2. Indest Corporation, Magnecomp Holdings Far East Limited, and Magnecomp Group are dismissed from the action HTI v. Magnecomp Group, et al. (Civ. Action No. 00-CV-2156). The dismissal is without prejudice and with each party to bear its own costs and disbursements. Indest Corporation, Magnecomp Holdings Far East Limited, and Magnecomp Group are hereinafter referred to as "the Dismissed Defendants."

3. Notwithstanding the Pre-trial Scheduling Order, HTI may seek leave to amend its complaint to re-include the Dismissed Defendants in the action HTI v. Magnecomp Group, et al., (Civ. Action No. 00-CV-2156) in the event that (a) HTI has a good faith belief that the representations set forth in Paragraphs 4, 5, 6 or 7 herein are inaccurate or are not complied with, or (b) HTI may otherwise establish that such an amendment will prevent undue prejudice. HTI's right to seek leave to amend is without prejudice to its right to file a separate action against the Dismissed Defendants upon termination of the present action. In the event HTI's motion to re-include the Dismissed Defendants is granted, or if HTI files a separate action against the Dismissed Defendants, all claims against the Dismissed Defendants shall relate back to the date of the complaint filed in HTI v. Magnecomp Group, et al. (Civil Action No. 00-CV-2156) to the extent such claims against the Dismissed Defendants were asserted against the Dismissed Defendants in HTI v. Magnecomp Group, et al. (Civil Action No. 00-CV-2156). The Dismissed Defendants hereby waive and agree not

to assert any statute of limitations, laches, or other time-bar defense or time-bar objection, unless such a defense or objection was available at the time the complaint was filed in HTI v. Magnecomp Group, et al. (Civil Action No. 00-CV-2156).

4. Each of the defendants (Remaining and Dismissed) except Magnecomp Group represents that Indest Corporation and Magnecomp Holdings Far East Limited are holding companies, are not operating companies, and have not and do not manufacture, use, sell, offer to sell, import or induce others to manufacture, use, sell, offer to sell, or import any products. A change in the status or conduct of Indest Corporation or Magnecomp Holdings Far East Limited with regard to the activities listed above shall constitute good cause for HTI to amend its complaint in accordance with Paragraph 3(a). The Remaining Defendants agree to promptly notify HTI in writing of any such change.

5. Each of the defendants (Remaining and Dismissed) except Magnecomp Group represents that Magnecomp Group is not an incorporated entity, is not a holding company, is not an operating company, has no formal legal status in any country, and has not and does not manufacture, use, sell, offer to sell, import or induce others to manufacture, use, sell, offer to sell, or import any products. A change in the status or conduct of the Magnecomp Group with regard to the activities listed above shall constitute good cause for HTI to amend its complaint in accordance with Paragraph 3(a). The Remaining Defendants agree to promptly notify HTI in writing of any such change.

6. Each of the defendants (Remaining and Dismissed) except Magnecomp Group represents that Magnecomp International Limited is the direct or indirect parent company of each of the other Remaining Defendants and of Indest Corporation and Magnecomp Holdings Far East Limited.

7. Each of the defendants (Remaining and Dismissed) except Magnecomp Group agrees that all documents, information and witnesses of Indest Corporation and Magnecomp Holdings Far East Limited are within the possession, custody, or control of Magnecomp International and that HTI may obtain discovery under Rules 26-37 of the Federal Rules of Civil Procedure from Indest Corporation and Magnecomp Holdings Far East Limited without the necessity of a subpoena, by serving discovery upon Magnecomp International Limited, which discovery Magnecomp International Limited agrees not to object to based upon the possession, custody, control, or location of the documents, information, or witnesses as long as such discovery is in the possession, custody or control of either Magnecomp International Limited or the Dismissed Defendants, provided however, that Magnecomp International Limited reserves any other objections to such discovery.

8. This stipulation is without prejudice to HTI's right to seek discovery from the Remaining Defendants on any theory of alter ego, agency, contribution, indemnity, or joint and several liability or any other theory of inter-corporate liability.

9. Magnecomp Corporation and Magnecomp Technology Limited withdraw their motion for a more definite statement and their motion to strike certain statements in the complaint in HTI v. Magnecomp Group et al. (Civ. Action No. 00-CV-2156) and the other Remaining Defendants shall not serve any motions under Rule 12 with respect to the complaint currently on file. If, however, HTI amends its complaint, then the Remaining Defendants may pursue motions under Rule 12 relating to the newly added allegations and/or claims. The withdrawal of the motion to strike shall not preclude the Remaining Defendants from moving to exclude evidence supporting certain allegations on the grounds that they are

not relevant to HTI's patent infringement claims. The Remaining Defendants shall answer the complaint in that action by August 1, 2001.

10. The defendants shall be relieved of their obligation to produce by April 30, 2001, all additional documents responsive to HTI's outstanding personal jurisdiction document requests as required by the pretrial order and the defendants' representation to the Court. With the exception of documents responsive solely to Document Requests 15, 16, 20, 21, 22 and/or 23 of Plaintiff Hutchinson Technology Incorporated's Second Request for the Production of Documents (Personal Jurisdiction) ("the Disputed Document Requests"), the Remaining Defendants will complete the production of such documents as part of the rolling production of documents as set forth in the Pretrial Scheduling Order. The parties shall meet and confer regarding the Disputed Document Requests and, in the event they are unable to resolve the production (or non-production) of documents responsive to these requests, either party may raise this issue with the Court at an upcoming monthly status conference.

11. In light of the Stipulation, the parties shall be relieved of the obligation to submit to Magistrate Judge Nelson by May 15, 2001, briefs regarding corporate document control issues, as ordered by Magistrate Judge Nelson at the conclusion of the status conference held on April 18, 2001.

Dated: May 9, 2001

**FAEGRE & BENSON LLP**

By: ______________________
Kenneth A. Liebman (#236731)
David J.F. Gross (#208772)
Randall E. Kahnke (#202745)
Kerry L. Bundy (#266917)
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402-3901
Telephone: (612) 336-3000
Fax: (612) 336-3026

**ATTORNEYS FOR HUTCHINSON TECHNOLOGY INCORPORATED**

Dated May 9, 20001

**BRIGGS AND MORGAN PA**

By: ______________________

Jeffrey J. Keyes (#55505)
Jay Schlosser (#204353)
2400 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2210
Telephone: (612) 334-8400
Fax: (612) 334-8650

AND

**HOWREY SIMON ARNOLD & WHITE LLP**

William C. Rooklidge (#134483)
Karen A. Gibbs (#178690)
Russell B. Hill (#190070)
Gregory S. Cordrey (#190144)
2020 Main Street
Suite 1000
Irvine, CA 92614-8200
Telephone: (949) 721-6900
Fax: (949) 721-6910

**ATTORNEYS FOR MAGNECOMP GROUP, MAGNECOMP INTERNATIONAL LIMITED, INDEST CORPORATION; MAGNECOMP CORPORATION, MAGNECOMP (THAILAND) LIMITED, MAGNECOMP HOLDINGS FAR EAST LIMITED, MAGNECOMP TECHNOLOGY LIMITED, AND FUCHIMAG TECHNOLOGY LIMITED**

**ORDER**

The foregoing stipulation is hereby adopted as an order of this Court.

Dated: May 10, 2001.

SUSAN RICHARD NELSON
United States Magistrate Judge

M2:20383777.04